UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YEKITA C. DIGGS,

    Plaintiff,

  v.

PRIME LENDING and CENLAR,

    Defendants.

Case No. 24-cv-2429-JPG

**MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 3) filed by plaintiff Yekita C. Diggs:

1.   **Failure to allege a federal question under 28 U.S.C. § 1331.** The Complaint does not allege any cause of action arising under the Constitution, laws or treaties of the United States. The plaintiff cites the Federal Reserve Act, 12 U.S.C. § 411, but that statute provides no private cause of action. *Tectonics, Inc. of Fla. v. Castle Const. Co.*, 753 F.2d 957, 960 n.2 (11th Cir. 1985); *Whitten v. Kijakazi*, No. 23-CV-2403-DWD, 2023 WL 7016424, at *2 (S.D. Ill. Oct. 25, 2023). Similarly the plaintiff references the National Emergency Banking Act of 1933, enacted in the Great Depression to restore confidence in banks, but that statute does not provide a private cause of action. To the extent Diggs relies on federal question jurisdiction, the complaint does not state a federal question.

2.   **Failure to allege the citizenship of a corporation.** To determine if complete diversity exists, the Court must examine the citizenship of each party. A corporation is a citizen of

both the state of its principal place of business <u>and</u> the state of its incorporation.  28 U.S.C. § 1332(c)(1); *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021).  The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  To the extent Diggs relies on federal diversity jurisdiction and the defendants are corporations, Diggs has failed to allege the states of the defendants' incorporations or the states of their principal places of business.

3. **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of an unincorporated association.  *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (partnership); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies).  The relevant pleading must affirmatively allege the specific states of citizenship of each member of the association.  To the extent Diggs relies on federal diversity jurisdiction and the defendants are not corporations, Diggs has failed to allege the citizenships of each of the members of those unincorporated associations.

4. **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely residence.  28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship.  *Held*, 137 F.3d at 1000.  The Complaint alleges Diggs's residence but not citizenship.  Furthermore, Diggs has failed to file a disclosure statement with the party's first filing as required by Federal Rule of Civil Procedure 7.1(a)(2) and (b)(1).

5. **Failure to allege the requisite amount in controversy.**  Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  "The plaintiff must allege that the controversy entails a dispute over more than $75,000, exclusive of interests and costs."  *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021).  Diggs has not plausibly alleged an amount in controversy that exceeds the federal minimum for diversity jurisdiction.

6. **Request to review state court ruling.**  Federal District Courts do not have jurisdiction to review and overturn state court judgments.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)); *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, No. 22-1037, slip op. at 68-70 (7th Cir. Aug. 1, 2024) (*en banc*).  Diggs expressly asks this Court to retroactively void a state court foreclosure judgment.  The *Rooker-Feldman* doctrine appears to prevent this Court from exercising subject matter jurisdiction over Diggs's claim.

The Court hereby **ORDERS** Diggs to **SHOW CAUSE** on or before **November 25, 2024,** why this case should not be dismissed without prejudice for lack of subject matter jurisdiction for any or all of the foregoing reasons. Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Diggs need not seek leave of Court to file such amended pleading. The Court suggests Diggs consult Section II.A of the *Pro Se Litigation Guide*, available at https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant, regarding pleading.

**IT IS SO ORDERED.**
**DATED: November 8, 2024**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**