UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YEKITA C. DIGGS,

    Plaintiff,

v.

PRIME LENDING & CENLAR,

    Defendants.

Case No. 3:24-cv-2429-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court in response to several of the Plaintiff's filings and the Plaintiff's failure to pay the filing fee by the Court's prescribed deadline.

    The Plaintiff filed several documents titled "petitions," but they are best construed as motions. One of these motions seeks to subpoena documents from the defendants, (Doc. 19), while the other two—which the Court construes as motions for reconsideration—demand that the Court vacate its previous order denying his motion to proceed *in forma pauperis* ("IFP"). (Docs. 17, 18). The Plaintiff's filings are riddled with errors, erroneous assertions, and misstatements of law. Accordingly, the Court **DENIES** the motions for reconsideration. (Docs. 17, 18). Given the Plaintiff has failed to demonstrate his claims are not meritless, his motion to proceed *in forma pauperis* has been denied and he has failed to pay the filing fee by the imposed deadline, the Court hereby **DISMISSES** this case for failure to pay the filing fee. Consequently, he is not entitled to discovery and, therefore, the Court **FINDS AS MOOT** his motion for a subpoena duces tecum. (Doc. 19).

    The Plaintiff filed this suit alleging that the promissory instrument that secured a mortgage was invalid. The property in question was valued at approximately $60,000 prior to the

1

foreclosure, according to public records. The Plaintiff filed several documents with the Court to support his claims, including a power of attorney and quit claim deed. The Court observed that on the same day the Plaintiff gained power of attorney over the property owner, the property—again, valued at approximately $60,000—was transferred to the Plaintiff for $10; 0.016% of the property's assessed value.

The Plaintiff requested that the Court rule the mortgage invalid and award him $100 million in damages. The Plaintiff did not pay the filing fee, but he did file a motion to proceed IFP. The Court evaluated the case on its merits and determined that, because he had failed to show his case was not meritless, the Court would not grant him leave to file *in forma pauperis*. (Doc. 16).

In its denial of his motion, the Court also explained that the Plaintiff's argument is detrimental. The Plaintiff does not understand the scope of available remedies in cases where contract formation was invalid. Based on the available remedies, the Plaintiff would harm their own interests by seeking to invalidate the mortgage. The Court indicated that, when a contract is found to be invalid, Courts seek to restore the parties to the position they were in before the contract was formed. In such a scenario, the mortgagor would be entitled to the total amount of the loan. Since the mortgagor foreclosed on the Plaintiff's property, the Plaintiff would be required to pay the remaining balance of the mortgage in the form of a judgment. In no world would the Plaintiff be entitled to $100 million, nor even a fraction of that amount.

The Plaintiff makes several arguments in his motions for reconsideration. He alleges that the Court's previous order, (Doc. 16), "exceed[ed] the Court's jurisdiction and infring[ed] upon the [Plaintiff's] constitutional rights." (Doc. 17). Specifically, the Plaintiff argues that the Court violated his rights under the First and Seventh Amendments to the United States Constitution by

"issuing determinations reserved for a jury," (*Id.*), and preventing him from exercising his First Amendment right to petition the Government for redress of grievances. U.S. CONST. amend's I, VII. These alleged violations, the Plaintiff argues, "[p]rejudic[ed] the merits of the Petitioner's claims without factual or evidentiary basis." (Doc. 17).

The Plaintiff cites three cases in support of his argument: *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 137 (1803), *Ex parte Milligan*, 71 U.S. (4 Wall.) 2, 2 (1866), and *Hale v. Henkel*, 201 U.S. 43, 43 (1906). (Docs. 17, 18). The Plaintiff's cites to *Marbury* and *Milligan* for the principle that "judicial authority is limited by constitutional constraints" and that the judiciary must adhere to "constitutional safeguards." (Doc. 18). That is not in dispute nor was that ever an issue before this Court. The Plaintiff cites these cases with little understanding of them, but case law is unnecessary; Article 3 of the U.S. Constitution—which outlines the powers of the judiciary—is sufficient. *See* U.S. CONST. art. III.

The Plaintiff also cites *Hale v. Henkel*; which, he argues, "differentiat[ed] the rights and capacities of natural persons versus artificial entities." (Doc. 18). It is unclear why the Plaintiff cites this case, especially given the distinction between natural persons and corporations is only discussed in the dissent *and* that same dissent states "[t]hat corporations are, in law, for civil purposes, deemed persons[. This] is unquestionable." 201 U.S. at 86 (Brewer, J. dissenting). Even then, the dictum in *Henkel* has been criticized by other courts as, *inter alia*, being "not well founded." *See, e.g.*, *Murphy v. Waterfront Comm'n of New York Harbor*, 378 U.S. 52, 68 (1964). Regardless, the Court finds nothing in *Henkel* that supports the Plaintiff's arguments.

Additionally, the Plaintiff contends that the Court improperly "[a]ssum[ed] defenses on behalf of the [Defendants] who remain in default under Rule 55 of the Federal Rules of Civil Procedure" by failing to enter default judgment, "stating that recission of the mortgage would

leave the Petitioner worse off[,] and unjustly dismiss[ing] the Petitioner's damages claim of $100 million . . . [thereby] undermin[ing] judicial neutrality and the integrity of the proceedings." (Doc. 18). The Plaintiff believes this Court exceeded its jurisdiction by evaluating the merits of his claims, issuing "unsupported" judicial opinions on the validity of his claims, and "[p]rejudg[ing] the Petitioner's [c]ase [by stating that] the Petitioner's filings [are a] 'largely nonsensical composition.'" (*Id.*).

      The Plaintiff is mistaken.

      First, the Court's order denying IFP status did not infringe the Plaintiff's constitutional rights. The "redress of grievances" clause of the First Amendment protects the right of an individual to petition the government for a redress of grievances; it does not give an individual the right to file frivolous lawsuits, free of charge. As for the Plaintiff's claims that denying IFP status violated his Seventh Amendment right to have a civil trial decided by jury, that right applies when the case must go to a trier of fact. If there is no genuine dispute of material fact, there is no trier of fact, and if there is no trier of fact, there is no jury. Motions for summary judgment, judgment on the pleadings, and motions to dismiss for failure to state a claim—these are just a few examples where a court evaluates the validity of a party's arguments before it gets to trial; such motions do not violate the constitutional rights of litigants.

      Second, evaluating the merits of his claim did not prejudice the Plaintiff, nor did the Court improperly opine on the merits of his case. Generally, any plaintiff may file suit, provided they pay the filing fee. When a plaintiff asserts that they cannot pay the filing fee, they may petition to proceed IFP. If a plaintiff chooses to petition for IFP status, that plaintiff must demonstrate that they are indigent *and* that their case is not meritless—this is the criteria established by statute. Here, not only does the Plaintiff have a monthly take-home pay of

4

$7,000—making any claim of indigence dubious at best—(Doc. 8), the statute that empowers the courts to evaluate the merits states the following:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Not only are courts empowered by the Constitution, supported by the long tradition of Anglo and American common law, to dismiss frivolous lawsuits and prevent abuse of the judicial system; courts are required to deny IFP status to meritless suits. Thus, when a plaintiff files a motion for IFP status, not only is the court permitted to evaluate the merits and evidence of their claim, the court is *required* to do so.

Consequently, while the Plaintiff claims he never consented to the Court's review of the merits of his case, by filing his motion to proceed *in forma pauperis*, he not only authorized the Court to evaluate the merits of his claims, he *invited* the Court to do so. While this Court has determined that he has failed to show that his claims are not meritless, the Court has not entered judgment against him. The Court has not usurped the power of a trier of fact by making any factual findings. If the Plaintiff wishes to proceed with this suit, the Court *may* allow him to do so if he pays the filing fee—as the Court explained in its order denying IFP status. Therefore, the Plaintiff's claim that the Court exceeded its legal authority by evaluating the merits, prejudicing his case, and improperly passing judgment; is plainly erroneous.

Additionally, the Plaintiff argues that the Court improperly "[a]ssum[ed] defenses" on the Defendants' behalf by not entering default judgment. The Plaintiff cites Rule 55 of the Federal

5

Rules of Civil Procedure. If the Plaintiff read Rule 55 in its entirety however, he would know that when a party requests default judgment from a court, that court may conduct hearings or investigations to "determine the amount of damages . . . establish the truth of any allegation by evidence; or . . . investigate any other matter." FED. R. CIV. P. 55(b)(2). Moreover, a court has the power to set aside a default and default judgment for good cause. FED. R. CIV. P. 55(c). The rules of civil procedure in no way compel the Court to enter default judgment merely because a party asks for it. The Court is empowered to not only evaluate whether the Plaintiff's alleged damages of $100 million is accurate under that provision, the Court is also authorized to investigate and consider the sufficiency of the evidence to establish the truth of his allegations.

   The Plaintiff insists that the Court "[p]rejudge[ed]" this case by commenting on the organization and content of the Plaintiff's motion. (Doc. 18). The Plaintiff's filings were largely incoherent. Attorneys who submit filings to the Court must ensure that those filings are coherent. While the Plaintiff is not an attorney, by representing himself he, at the bare minimum, agrees to conduct himself appropriately and agrees to file only coherent and meritorious motions or responses. Just as the Court may comment on an attorney's failure to submit coherent and meritorious filings, the Court may comment on a pro se party's failure to do the same; commenting on such non-substantive matters is non-prejudicial. In fact, as it is evident the Plaintiff lacks any formal legal training, if he continues to insist on representing himself, it is vital that he be aware of issues in his filings so that he may correct them in the future.

   The Plaintiff also asserts that the Court improperly examined the evidence submitted. The Court was required to evaluate the merits of this case using the evidence submitted. A court is permitted to examine the *entirety* of the evidence, not just the portions the Plaintiff wishes the Court to examine. If a party submits evidence that contains information against their interest, the

Court is not required to disregard that adverse information. The Plaintiff submitted documents that *may* indicate undue influence and sham consideration. The Plaintiff believes the Court prejudiced him by commenting on the propriety of the power of attorney and quitclaim deed and observing that some undue influence may have been involved. Whether the Plaintiff acquired the property in an illicit manner is relevant in evaluating his claims. If the Plaintiff did indeed acquire the property in an illicit manner, principles of equity would estop any legal recovery the Plaintiff may be entitled to. However, the Court did not definitively find that there was, in fact, undue influence or sham consideration; rather, the Court noticed these issues with the evidence that, under rules of law and equity, could preclude the Plaintiff from recovery and could also be used against the Plaintiff in a possible criminal prosecution.

In short, the Court's evaluation of the sufficiency of the evidence—far from being improper, extra-jurisdictional, and compromising the integrity of the judicial proceedings—was based solely on the evidence, was well within this Court's jurisdiction and purview, and preserved the integrity of the judicial process.

The Plaintiff's motions for reconsideration fail to present new facts or arguments that demonstrate his claims are not meritless. Therefore, there is nothing the Plaintiff has presented that would cause the Court to reverse its denial of his IFP motion, and he is not entitled to discovery for a case when he has neither paid the filing fee nor been granted IFP status.

### **CONCLUSION**

As the Plaintiff has failed to adequately demonstrate his indigence and failed to show his claims are not meritless, the Court previously denied his motion to proceed *in forma pauperis*. (Doc. 16). None of the information or arguments raised in his "petitions,"—which the Court

construes as motions for reconsideration—are persuasive. Accordingly, his motions for reconsideration, (Docs. 17, 18), are hereby **DENIED**.

Given the Plaintiff's motion for IFP status has been denied, his motions for reconsideration have now been denied, and he has still failed to pay the filing fee by the deadline imposed by this Court; the Court hereby **DISMISSES** this case for failure to pay the filing fee and **DIRECTS** the Clerk of Court to enter judgment accordingly.

As this case has been dismissed, there is no need for discovery nor for a subpoena duces tecum. Accordingly, the Plaintiff's motion for the issuance of a subpoena duces tecum, (Doc. 19), the Court **FINDS AS MOOT**.

Additionally, as the Plaintiff has more than one case before the Court where he makes similar, frivolous claims, the Court hereby **WARNS** the Plaintiff that continuing to file obviously frivolous lawsuits and motions could result in filing restrictions in the future.

**IT IS SO ORDERED.**
**DATED: January 21, 2025**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**